**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

RINGGOLD TIMBER COMPANY, INC                                                     PLAINTIFF

vs.                                                         Civil Action No. 3:02-cv-135WS

BILLY WALKER, BARBARA JO WALKER
AND CAPITAL CITY INSURANCE COMPANY, INC.                         DEFENDANTS

**ORDER GRANTING SUMMARY JUDGMENT**

Before the court is the motion of defendant Capital City Insurance Company, Inc. (hereinafter "Capital City") for summary judgment [docket no. 54], filed pursuant to Federal Rule of Civil Procedure 56(b)[1] and (c).[2] The defendant contends that plaintiff's bad-faith action against Ringgold Timber Company, Inc. (hereinafter "Ringgold") should be dismissed for want of proof. This court, having reviewed the submissions of the parties and considered their respective arguments, is persuaded by Capital City position, and, as such, grants Capital City's motion for summary judgment.

---

[1]Federal Rule of Civil Procedure 56(b) provides in pertinent part that "a party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any party thereof."

[2]Federal Rule of Civil Procedure 56(c) provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

**PERTINENT FACTS**

In August 1998, Ringgold was named as a defendant in a civil lawsuit arising out of a timber dispute. After receiving proper service of process, Ringgold answered the complaint *pro se*. At the time, Ringgold was insured by Capital City. Ringgold later hired an attorney, who advised it to contact Capital City and file a claim for insurance coverage with regards to the civil lawsuit. Ringgold first contacted Capital City in January 1999. Capital City subsequently denied the claim on the grounds that Ringgold had failed to provide it timely notice of the claim, which Capital City argued was a direct violation of the terms of Ringgold's insurance policy.

The Mississippi Court of Appeals later determined that Capital City wrongfully had denied Ringgold's claim for insurance coverage under the terms of the insurance policy. The court determined that Capital City failed to show how it was prejudiced by Ringgold's delay in notifying Capital City of its claim. Ringgold then filed suit against Capital City, arguing that Capital City is liable for compensatory, contractual, and punitive damages for its bad faith denial of insurance coverage.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is

a need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id.* Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

## **ANALYSIS**

Both parties agree that Capital City has satisfied all of its compensatory and contractual obligations to Ringgold. The only remaining claim arising out of Ringgold's insurance bad faith lawsuit against Capital City is for punitive damages. In the context of insurance bad faith cases, the Mississippi Supreme Court has determined that the "issue of punitive damages should not be submitted to a jury unless the trial court determines that there are jury issues with regard to whether the insurer lacked an arguable or legitimate basis for denying an insurance claim, and the insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights. *State Farm Auto Ins. Co. v. Grimes*, 722 So.2d 637, 641 (Miss. 1998). The singular fact that an insurer was ultimately wrong in denying insurance coverage alone does not warrant an

3

award of punitive damages. If an insurance company had a legitimate or arguable reason for denying coverage, an insured party may not recover punitive damages from the insurer. *Id.*

In the instant case , Ringgold concedes that Capital City did not act with actual malice in denying the claim. Ringgold instead argues that Capital City did not have a legitimate reason for denying its request for insurance coverage and, thus, acted with reckless disregard for Ringgold's rights.

This court is not persuaded. The insurance policy at issue here explicitly states that Ringgold had an obligation to notify Capital City "as soon as practicable of an occurrence or an offense which may result in a claim." Additionally, Ringgold was required immediately to send copies of any demands, notices, summons, or legal papers received in connection with any claim or lawsuit, and to cooperate in the investigation, settlement, or defense of the claim or lawsuit.

Ringgold did not adhere to the aforementioned requirements. First, Ringgold did not immediately notify Capital City of its claim. Ringgold did not contact Capital City until approximately three years after the offense underlying the civil lawsuit had taken place, and approximately six months after Ringgold had been named in the civil lawsuit.

Secondly, Ringgold did not immediately send legal documents pertaining to the civil litigation to Capital City. On the contrary, Ringgold responded to the complaint in the underlying civil lawsuit *pro se* and, by the time Ringgold notified Capital City of the litigation, Ringgold had missed the deadline for submitting answers to the propounded

Requests for Admissions, forcing Capital City to concede significant facts regarding the liability of Ringgold to the plaintiffs in the underlying civil litigation.

Consequently, this court determines, based on the aforementioned facts, that although ultimately determined wrong by the Mississippi Court of Appeals,[3] *see Capital City Ins. Co. v. Ringgold Timber Co.*, 898 So.2d 680 (Miss. Ct. App. 2005), Capital City had a legitimate and arguable basis for denying Ringgold's claim for insurance coverage. Accordingly, this court holds, as a matter of law, that Ringgold is not entitled to punitive damages arising out of its claim of insurance bad faith against Capital City.

## **CONCLUSION**

For the reasons enunciated herein, this court finds defendant Capital City's Motion for Summary Judgment [docket no. 54] well-taken, and, therefore, the same is hereby granted. This court, therefore, dismisses this lawsuit with prejudice.

**SO ORDERED** this the 28th day of February, 2006.

**s/ HENRY T. WINGATE**

_____

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:02-cv-135WS
Order Granting Summary Judgment

---

[3] Sitting *en banc*, the Mississippi Court of Appeals issued a 5-3 opinion, with the majority supporting Ringgold's position that Capital City had wrongfully denied its claim for insurance coverage. While not dispositive in the instant case, the fact that three judges on the Mississippi Cout of Appeals agreed with the stance taken by Capital City in denying insurance coverage to Ringgold further demonstrates to this court that CapitalCity had a legitimate or arguable basis for denying Ringgold's insurance claim.